UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CHRISTOPHER WILLIAM GIPSON** | **DOCKET NO. 5:16-CV-1385; SEC. P** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **ERNEST ESPRADRON, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Christopher William Gipson (#448680). Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 9). Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. Plaintiff does not specify the nature of relief he is seeking, but he appears to complain about a disciplinary conviction.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Factual Allegations**

Plaintiff provides no factual allegations, but attaches to his complaint a disciplinary report from DWCC. According to the report, on August 1, 2014, Sgt. Coleman observed Plaintiff engaged in a fist fight with another offender, Ernest Espradron. (Doc. 6, p. 10). Espradron bit Plaintiff's left ear. (Doc. 6, p. 10). Captain Heard gave both offenders direct verbal orders to quit fighting, and they complied. (Doc. 6, p. 10). Plaintiff was taken to the medical department. (Doc. 6, p. 10).

A disciplinary hearing was conducted on August 5, 2014, at which Plaintiff was found guilty. (Doc. 6, p. 10). Plaintiff was sanctioned to 12 weeks loss of recreation/yard and canteen privileges. Petitioner filed an appeal on October 24, 2014, which was presumably denied. (Doc. 6, p. 9).

**Law and Analysis**

I.  Preliminary Screening under §§ 1915(e)(2) and 1915A

Plaintiff is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 9). As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Plaintiff's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

II. Disciplinary Conviction

"To plead a constitutional claim for relief under § 1983, [a plaintiff must] allege a violation of a right secured ... by the Constitution or laws of the United States and violation of that right by one or more state actors." Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994). By virtue of a valid criminal conviction and subsequent legal confinement, a prisoner loses his

expectation of liberty. See Meachum v. Fano, 427 U.S. 215, 224 (1976).

Plaintiff has failed to allege the basis of his § 1983 claim. To the extent that Plaintiff claims that his due process rights were violated when prison officials deprived him of 12 weeks of recreation/yard and canteen privileges following the disciplinary hearing, his claim fails. "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." See Sandin v. Conner, 515 U.S. 472, 478 (1995) (citing Meachum v. Fano, 427 U.S. 215 (1976)). In Sandin, the Supreme Court held that a prisoner only has a liberty interest in freedom from restraint imposing an "atypical and significant hardship" on the inmate in relation to the ordinary incidents of prison life, such as a deprivation that impinges on the duration of confinement. Id. at 486-87.

Plaintiff did not lose any good time, so the duration of his confinement was not affected. Limitations imposed on recreational privileges, work assignments, and cell restrictions or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. See Sandin, 515 U.S. at 487; Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Because Plaintiff lost no good time, due process concerns were not implicated. See Madison, 104 F.3d at 768 (30 day commissary and cell restrictions as punishment are merely changes in conditions of confinement that do not implicate due process concerns); Luken v. Scott, 71 F.3d 192, 193 (1995) (wrongful confinement in administrative segregation does not violate due process rights). Thus, Plaintiff has failed to allege the violation of a constitutional right.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 4th day of November, 2016.

_____
Karen L. Hayes
United States Magistrate Judge